UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:10-CR-542-KJD-GWF |
| vs. | ) |
| FRANK DAWSON, | ) |
| Defendant. | ) |

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS
BASED ON PRIOR UNLAWFUL DEPORTATION**

This matter is before the Court on Defendant Frank Dawson's Motion to Dismiss Based on a Prior Unlawful Deportation (#19), filed on March 10, 2011; the Government's Response to the Motion to Dismiss (#21), filed on March 28, 2011; and Defendant's Reply to the Government's Response (#23), filed on April 8, 2011. The Court conducted a hearing in this matter on April 26, 2011.

The Defendant is charged with being a deported alien found unlawfully in the United States in violation of 8 U.S.C. §1326. The indictment alleges that Mr. Dawson was deported from the United States on January 22, 2002 and was found unlawfully present in the United States on October 21, 2010. Defendant moves for dismissal of the indictment based on the alleged invalidity of the underlying deportation order.

**BACKGROUND**

Defendant Frank Dawson is a citizen of Belize. He was born in 1970 and lawfully entered the United States in 1981 when he was eleven years old. On June 19, 1990, an information was filed in California Superior Court charging Mr. Dawson with the crime of possession for sale of a

controlled substance, cocaine, in violation of California Health and Safety Code Section 11351. *Attachment to Government's Response to Motion to Dismiss (#21) (hereinafter "Attachment"), Criminal Information, pages 16-17.* Mr. Dawson pled guilty to that offense on August 3, 1990 and was sentenced to a term of three years imprisonment on May 7, 1991. *Attachment, Abstract of Judgement, page 15.*

On October 18, 1993, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause and Notice of Hearing to Mr. Dawson. *Attachment, Order to Show Cause, pages 27-29.* The Order to Show Cause alleged that Mr. Dawson was convicted on August 3, 1990 in the Superior Court of the State of California for the offense of possession for sale of a controlled substance, cocaine, in violation of California Health and Safety Code Section 11351. The Order to Show Cause charged that Mr. Dawson was subject to deportation on the grounds that the conviction was an aggravated felony as defined in Section 101(a)(43) of the Immigration and Nationality Act and was a conviction involving the violation of a controlled substance law as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802. *Id.* In response to the Order to Show Cause, Mr. Dawson applied for a waiver of deportation pursuant to Section 212(c) of the Immigration and Nationality Act. *Attachment, Application for Advance Permission to Return to Unrelinquished Domicile, pages 30-31.* On December 10, 1993, an immigration judge granted Mr. Dawson's application for "212(c) waiver" and he was permitted to remain in the United States. *Attachment, Order of Immigration Judge, page 32.*

On January 21, 1994, an information was filed against Mr. Dawson in the Superior Court of California charging him with the felony offense of Sale/Transportation/Offer to Sell Controlled Substance, cocaine, in violation of California Health and Safety Code Section 11352(a). *Attachment, Criminal Information, pages 34-36.* Over seven years later on May 11, 2001, Mr. Dawson pled guilty to a lesser charge of possession of a controlled substance in violation of California Health and Safety Code Section 11377(a) and was sentenced to a term of imprisonment of one year and four months. *Attachment, Abstract of Judgement*, *page 33.*

On September 17, 2001, the INS issued a Notice to Appear to Mr. Dawson alleging that he was deportable based his May 11, 2001 conviction "for the offense of Possess Controlled

Substance, to wit Cocaine, in violation of Section 11377(A) of California Health and Safety Code." *Attachment, Notice to Appear, pages 39-40.* The Notice to Appear further charged that Mr. Dawson was subject to removal pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act in that he had "been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." *Id. page 40.*

On October 5, 2001, the INS issued an Additional Charge of Inadmissibility/Deportability in which it charged that Mr. Dawson was subject to being taken into custody and deported or removed from the United States because he had "been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code." In support of this additional charge, the INS stated that "there is submitted the following factual allegation(s) . . . in addition to . . . those set forth in the original charging document:  6.  You were, on August 3, 1990, convicted in the Superior Court California, for the County of San Bernardino, for the offense of POSSESSION FOR SALE OF A CONTROLLED SUBSTANCE, to wit: Cocaine, in violation of Health and Safety Code Section 11351, a Felony." *Attachment, Additional Charge of Inadmissibility/Deportability, page 41.*[1]

A removal proceeding was conducted by an immigration judge on November 6, 2001.  Mr. Dawson was ordered removed from the United States to Belize.  There is no indication in the removal order that he applied for any alternative form of relief. *Motion to Dismiss (#19), Exhibit C, Summary of Order of Immigration Judge.*  Defendant reserved his right to appeal from the removal order. *Id.*  Defendant, however, did not file an appeal prior to the deadline of December 6, 2001 and the removal order became final. *See Attachment, Warrant of Removal/Deportation, dated*

---

[1] Mr. Dawson had other convictions, including a January 1990 conviction for grand theft and a 1992 conviction for possession of marijuana.  There is no evidence that these convictions played any role in either of Mr. Dawson's removal/deportation proceedings.

*January 7, 2002, page 47.* Mr. Dawson was removed from the United States on January 22, 2001. *Id. pages 47-48.*

## DISCUSSION

### 1.   Defendant's Right to Collaterally Attack the Underlying Removal Order.

An indictment under 8 U.S.C. § 1326 is not subject to dismissal solely on the ground that the underlying removal order was invalid. In *United States v. Mendoza-Lopez*, 481 U.S. 828, 833-37, 107 S.Ct. 2148, 2152-54 (1987), the Supreme Court held that the validity of the underlying removal order is not generally contestable in a prosecution under 8 U.S.C. §1326. The Court stated, however, "that where defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense. . . . Depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of the offense." *Id.* 481 U.S. at 837-39. 107 S.Ct. at 2155. *See also United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996) (lawfulness of the prior deportation is not an element of the offense under §1326); and *United States v. Medina*, 236 F.3d 1028, 1030 (9th Cir. 2001) (the defendant must show that the deportation hearing was fundamentally unfair and that he was prejudiced by the error).

Congress codified the defendant's right to challenge the underlying removal or deportation order on due process grounds in 8 U.S.C. §1326(d). The statute provides that a defendant may not challenge the validity of the underlying removal order unless he demonstrates that (1) he exhausted any administrative remedies available to seek relief against the order, (2) the removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. An underlying removal order is fundamentally unfair if: (1) a defendant's due process rights were violated by defects in his underlying removal proceeding, and (2) he suffered prejudice as a result of the defects. *See United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010) and *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010).

In order for a removal hearing to comport with the requirements of due process, the immigration judge must inform the alien of his right to appeal from an adverse decision, *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004), his right to legal counsel at no expense to the government, *United States v. Ramos*, 623 F.3d at 682, and if the record contains an inference that the alien is eligible for relief from deportation, the immigration judge must advise the alien of this possibility and give him the opportunity to develop the issue. *United States v. Ubaldo-Figueroa*, 364 F.3d at 1049. The alien may waive his right to appeal or to have counsel during the deportation proceeding. For the waiver to be valid, however, it must be both considered and intelligent. *United States v. Ramos*, 623 F.3d at 680. The government bears the burden of proving by clear and convincing evidence that the alien's waiver of his right to appeal was considered and intelligent. *Id.* citing *United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004). The court indulges every reasonable presumption against waiver and does not presume acquiescence in the loss of fundamental rights. The due process inquiry focuses on whether the defendant personally made a considered and intelligent waiver of his right to appeal. *Ramos*, 623 F.3d at 680. The same standard applies in determining whether the alien waived his right to counsel. *United States v. Ahumada-Aguilar*, 295 F.3d 943, 949-50 (9th Cir. 2002).

In order to prevail on a motion to dismiss, the defendant must also show that he suffered prejudice as a result of the underlying due process defects or violations. *United States v. Ramos*, 623 F.3d at 684 and *United States v. Ubaldo-Figueroa*, 364 F.3d at 1048. Where the alien alleges that the immigration judge failed to inform him that he was eligible to apply for relief from deportation, the defendant is only required to show that there were plausible grounds for relief. *Ramos* at 684, citing *United States v. Gonzalez-Valero*, 342 F.3d 1051, 1054 (9th Cir. 2003). A demonstration that, but for the due process defects, the defendant would have been able to show that the underlying removal order was legally invalid clearly satisfies the prejudice prong.

After correctly citing the legal standard for a collateral attack on an underlying removal order, Defendant states in his motion as follows:

> In the instant case, Mr. Dawson seeks preclusion of the Removal Order which formed the basis for his physical removal due to a fundamental defect in the nature of the proceeding. Mr. Dawson

>maintains that the charges of removability against him were improperly sustained and that removal proceedings against him should have been terminated. The presiding Immigration Judge violated Mr. Dawson's due process rights by not properly analyzing his case and then compounded this error by not fully informing Mr. Dawson of the available challenges to the grounds of removal against him nor of the effects of his waiver of appeal.

*Motion to Dismiss (#19), page 5.*

Defendant further states at page 10 of his Motion that "Defendant was never advised that he was statutorily eligible for relief from removal through termination of the proceedings against him. The exhaustion and deprivation requirements in 8 U.S.C. §1326(d) are therefore satisfied."

A legally erroneous removal order, standing alone, does not constitute a due process violation because such legal errors can be remedied through administrative appeal or, if necessary, through a petition for judicial review. Although Defendant's motion refers to Mr. Dawson's "waiver of appeal," the record before this Court does not show that Defendant waived his right to appeal during the removal hearing. The summary of the order of the immigration judge indicates, instead, that Mr. Dawson reserved his right to appeal and the immigration judge set December 6, 2001 as the due date for filing an appeal. *Motion to Dismiss (#19), Exhibit C.* Mr. Dawson did not file an appeal, however, and the removal order became final. The indication that Mr. Dawson reserved his right to appeal suggests that he was given some information about his appeal rights. No evidence has been presented to this Court, however, as what Defendant was specifically told or why he did not file an appeal after the hearing.

Although the record indicates that Defendant was not represented by counsel, no evidence, or even argument, has been presented to this Court regarding whether the Defendant was informed of his right to counsel at no expense to the Government or whether he, in fact, waived his right to counsel. The summary of the order of the immigration judge indicates that Defendant did not apply for any form of relief from deportation. *See Motion to Dismiss (#19), Exhibit C.* Because the Additional Charge of Inadmissibility/Deportability charged Defendant with having been convicted of an aggravated felony which, if true, made him ineligible for alternative relief from deportation, it may be inferred that the immigration judge did not inform Defendant that he was eligible to apply for relief from deportation. The record before this Court, however, is also silent on this point.

In its opposition to the motion to dismiss, the Government briefly discusses the legal standard governing a collateral attack. *Government's Response (#21), pages 3-4*. The Government does not argue, however, that Defendant failed to exhaust his administrative remedies as required by §1326(d) or that he has failed to show that procedural defects in the underlying removal proceeding deprived him of his opportunity for judicial review. The Government has not presented any affirmative evidence that Defendant was informed of his right to appeal and his right to be represented by counsel, and that Defendant made a considered and intelligent waiver of either of these rights. The Government, instead, defends the legal validity of the underlying removal order.

The record before this Court is, therefore, substantially incomplete as to whether the underlying removal proceeding comported with due process of law. Before deciding whether further briefing and argument is necessary on this issue, the Court will analyze whether Defendant would have been prejudiced by any alleged procedural defects in the removal proceedings. Defendant was not prejudiced if the underlying removal order was legally correct and he was not otherwise eligible for relief from deportation based on his conviction for an aggravated felony. *See e.g. United States v. Ramos*, 623 F.3d at 684.

**2. Whether Defendant's May 2001 California Conviction for Possession of a Controlled Substance Qualified as a Removable Offense Under 8 U.S.C. §1227(a)(2)(B)(i).**

The September 17, 2001 Notice to Appear charged that Defendant Dawson was subject to removal pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. §1227(a)(2)(B)(i), based on his May 11, 2001 conviction for possession of a controlled substance, cocaine, in violation of California Health and Safety Code Section 11377(a). 8 U.S.C. §1227(a)(2)(B)(i) provides as follows:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21 [Section 102 of the Controlled Substances Act] ), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

. . .

. . .

The Government has the burden in removal proceedings of proving by clear, unequivocal, and convincing evidence that the facts alleged as grounds for removability are true. *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010).

In determining whether a state court conviction is a removable offense under the federal immigration law, the court is required to apply the "categorical approach" announced in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under this approach, if the "full range of conduct" covered by the state statute falls within the scope of the Immigration and Nationality Act provision, then the alien's conviction is "categorically a removable offense." If the state statute applies to a range of conduct broader than that which constitutes a removable offense under federal law, then the court is authorized to apply a "modified categorical approach" under which it may consider a limited number of judicially noticeable documents to determine whether the defendant's state court conviction constitutes a removable offense under the immigration statute. The set of judicially noticeable documents includes the indictment (but only in conjunction with a signed plea agreement), the judgment of conviction, the minute order fully documenting the judgment, jury instructions, a signed guilty plea or a transcript from the plea proceedings. The modified categorical approach is a narrow exception, however. The point of the exercise in applying this approach is to reliably determine, without the distractions associated with relitigating the underlying criminal case, whether defendant was convicted of the elements of a generic crime as described in the immigration statute. *Cheuk Fung S-Yong*, 600 F.3d at 1035.

The Ninth Circuit has repeatedly held that the plain language of 8 U.S.C. §1227(a)(2)(B)(i) requires the government to prove that the substance underlying an alien's state law conviction for possession of a controlled substance is one that is covered by Section 102 of the Controlled Substances Act [21 U.S.C. § 802]. *Cheuk Fung S-Yong*, 600 F.3d at 1034, citing *Ruiz-Vidal v. Gonzales,* 473 F.3d 1072, 1076-78 (9th Cir. 2007). The court has also noted that California law regulates the possession and sale of many substances that are not regulated by the federal Controlled Substances Act. In *Cheuk Fung S-Yong*, the court held that California Health and Safety Code Section 11379 (Sale or Transportation of a Controlled Substance) is "categorically broader" than Section 1227(a)(2)(B)(i) of the Immigration and Nationality Act and a conviction

under Section 11379 does not necessarily entail a "controlled substance offense" under Section 1227(a)(2)(B)(i). *Id.* The same is true in regard to a conviction for possession of a controlled substance under California Health and Safety Code Section 11377(a). *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007).

Where a conviction under one of these statutes is at issue in a removal proceeding, the government must show by clear, unequivocal, and convincing evidence that the conviction was for possession of a substance that is listed in the schedules of the federal Controlled Substances Act, 21 U.S.C. §802. *Cheuk Fung S-Yong* makes clear, however, that this showing can only be made based on the records that the court is authorized to consider under the modified categorical approach. Neither the immigration judge nor the district court, on judicial review, may take new evidence to determine the factual basis for the underlying state conviction. In *Cheuk Fung S-Yong*, for example, the court held that it was improper for the immigration judge to rely on oral admissions made by the alien during the removal hearing regarding the factual basis for his underlying conviction.

The facts of this case are closely on point to those in *Ruiz-Vidal v. Gonzales*. In that case, the defendant was initially charged with one count of possession of a controlled substance for purpose of sale in violation of Health & Safety Code Section 11378 and with one count of transportation of a controlled substance in violation of Health & Safety Code Section 11379(a). The charging document specified that both counts involved methamphetamine which is a listed controlled substance under the federal Controlled Substances Act. According to an abstract of judgement that was included in the administrative record, the defendant pled guilty to one count of violating Health & Safety Code Section 11377(a). The crime listed in the abstract of judgement was "Possess Controlled Substance." The abstract, however, did not identify the specific controlled substance. The Ninth Circuit acknowledged that many of its decisions have broadly construed the "relating to" language in 8 U.S.C. §1227(a)(2)(B)(i). The court, nonetheless, stated that where a conviction for possession of a particular substance is at issue, the immigration statute requires that the substance be listed on the federal schedules. "To hold otherwise would be to read out of the statute the explicit reference to Section 102 of the CSA." *Ruiz-Vidal*, 473 F.d at 1077 n.

5. Because the defendant pled guilty to an offense different from the one charged in the information, defendant's guilty plea did not necessarily rest on the facts charged in the information. *Id.* at 1079, citing *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005). The court concluded:

> We believe *Martinez-Perez* to be controlling in this situation. As in that case, Ruiz-Vidal did not plead guilty to an offense that was charged in the information. Here also, the administrative record contains no plea agreement, plea colloquy, or any other document that would reveal the factual basis for Ruiz-Vidal's 2003 conviction. *Id.* (citing *Parrilla v. Gonzales,* 414 F.3d 1038, 1044 (9th Cir.2005)); *see also Shepard v. United States,* 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (adhering to *Taylor's* "demanding requirement" that the record of conviction consist only of documents showing that a plea "necessarily admitted" facts equating to the generic crime). *Under Martinez-Perez, there is simply no way for us to connect the references to methamphetamine in the charging document with the conviction under Cal. Health & Safety Code § 11377(a).*
>
> We are thus left only to speculate as to the nature of the substance. But speculation is not enough. "[W]hen the documents that we may consult under the 'modified' approach are insufficient to establish that the offense the petitioner committed qualifies as a basis for removal ... we are compelled to hold that the government has not met its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense, and the conviction may not be used as a basis for removal." *Tokatly,* 371 F.3d at 620-21. We therefore conclude that DHS has failed to establish unequivocally that the particular substance which Ruiz-Vidal was convicted of possessing in 2003 is a controlled substance as defined in section 102 of the Controlled Substances Act. (Emphasis added).

*Ruiz-Vidal*, 473 F.3d at 1079.

In this case, Mr. Dawson was charged in the information with the Sale/Transportation/Offer to Sell Controlled Substance in violation of Health & Safety Code Section 11352(a). The information identified the alleged controlled substance as cocaine. *Attachment, page 34-35*. Mr. Dawson, however, later pled guilty to a lesser charge. The Abstract of Judgement stated only that Mr. Dawson pled guilty to possession of a controlled substance in violation of Health & Safety Code Section 11377(a). *Attachment, page 33*. It did not identify cocaine or any other controlled substance as the basis for the conviction. The immigration judge therefore could not have legally found that Defendant's May 11, 2001 conviction was a removable offense under 8 U.S.C.

§1227a)(2)(B)(i) based solely on the criminal information and the abstract of judgement.[2]

The Government has attached to its opposition the "Declaration by Defendant" initialed and signed by Mr. Dawson on May 11, 2001. *Attachment, pages 37-38.* The Government acknowledges that "[t]his document was not included in the alien file before the IJ in 2001." *Response (#21), page 5.* It argues, however, that the Court may consider this Declaration pursuant to the decision in *United States v. Garcia-Gomez*, 2010 WL 2776079 (D.Nev. 2010), and cases cited therein. *Garcia-Gomez* also involved a collateral attack on an underlying removal order in a prosecution under 8 U.S.C. §1326. That case, however, dealt with the separate issue of what evidence the district court may consider in determining whether the defendant was prejudiced by the immigration judge's failure to advise him of his right to apply for discretionary relief from deportation or removal. In deciding the issue of prejudice, the district court stated that it may consider prior aggravated felony convictions which would have barred the defendant from discretionary relief, even if the prior convictions were not included as part of the charge in the underlying removal proceeding and were not specifically raised during the removal hearing. In support of this holding, the court relied on *United States v. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004) and *United States v. Gonzalez-Valerio*, 342 F.3d 1051 (9th Cir. 2003). The court distinguished *Cheuk Fung S-Yong* (and thereby *Ruiz-Vidal*) on the grounds that it involved the different question of whether the state law conviction, on which the removal order was predicated, constituted a removable offense.

As in *Cheuk Fung S-Yong* and *Ruiz-Vidal*, the issue in this case is whether the administrative record in the underlying removal proceeding *unequivocally* establishes that Defendant's conviction for possession of a controlled substance was a removable offense. Because the "Declaration by Defendant" was not part of the underlying administrative record, this Court cannot rely on that document to uphold the validity of the removal order. Furthermore, even if the

---

[2] The Court has not been provided with a transcript of the removal hearing and it is not exactly clear what documents were relied upon by the immigration judge in finding that Defendant was subject to removal. Based on the parties' arguments, however, it appears that the January 21, 1994 criminal information and the May 11, 2001 abstract of judgement were included in the record.

Declaration had been included in the administrative record, it would not have been sufficient to establish the validity of the removal order. The Declaration also makes no reference to a specific controlled substance. Although the notation that Defendant was pleading guilty to "a lesser included offense" arguably supports an inference that he pled guilty to possession of the same controlled substance as that listed in the information, it does not *unequivocally* establish that fact.

The Government also argued at the hearing on this motion that if the Defendant had pursued a direct administrative appeal or petition for judicial review from the underlying removal order, the Government would have been entitled to have the matter remanded back to immigration court and, on remand, it would have been able to establish that the controlled substance underlying Defendant's May 11, 2001 conviction was cocaine. *Ruiz-Vidal*, however, refutes this assertion. In that case, the court held that the government was not entitled to remand because "the record on remand would consist only of those documents already in the record" and "the evidence in the record either supports the finding of removability or it does not." 473 F.3d at 1081. Even assuming that the Government would have been entitled to have the matter remanded, it has not demonstrated that it would have been able to demonstrate by judicially noticeable documents that Defendant's conviction was for cocaine. Accordingly, the underlying removal order was invalid to the extent it was based on the finding that Mr. Dawson's May 11, 2001 possession conviction was a removable offense under 8 U.S.C. §1227a)(2)(B)(i).

**3.  Whether Defendant's May 11, 2001 Conviction was an Aggravated Felony Under 8 U.S.C. §1227(a)(2)(A)(iii)**.

The Additional Charge of Inadmissibility/Deportability that was filed on October 5, 2001 charged that Mr. Dawson was subject to removal under 8 U.S.C. §1227(a)(2)(A)(iii) which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The definition of "aggravated felony in 8 U.S.C. §1101(a)(43)(B) includes "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act [21 U.S.C. §802]), including a drug trafficking crime (as defined in section 924(c) of title 18 Untied States Code)." Section 924(c)(2), in turn, defines "drug trafficking crime" to mean any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled

Substances Import and Export Act (21 U.S.C. § 951 et seq.), or Chapter 705 of title 46.

In support of the additional charge, the INS alleged that Defendant was convicted on August 3, 1990 for the felony of Possession for Sale of a Controlled Substance, Cocaine, in violation of California Health and Safety Code §11351. This conviction was the subject of the prior deportation/removal proceeding against Defendant for which he was granted a "§212(c) waiver" of removal in December 1993. The parties agree that because Defendant was granted a §212 waiver in regard to the August 3, 1990 conviction, it cannot form the basis for a subsequent removal proceeding. *Rodriguez v. Holder*, 619 F.3d 1077, 1080 n. 4 (9th Cir. 2010). The granting of §212(c) relief, however, merely waives the finding of deportability rather than the basis for deportability itself. The crime is not expunged from the alien's record for other immigration purposes. *Becker v. Gonzalez*, 473 F.3d 1000, 1003-4 (9th Cir. 2007) and *Molina-Amezcua v. I.N.S.*, 6 F.3d 646 (9th Cir. 1993). The Government therefore argues that it was entitled to use Defendant's August 3, 1990 conviction for purposes of charging that Defendant's May 11, 2001 conviction for possession of a controlled substance was an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). The Government acknowledged at the hearing, however, that if Defendant's May 11, 2001 possession conviction did not unequivocally involve a controlled substance as defined in the federal Controlled Substances Act, then it was also not an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(B) and 8 U.S.C. §1227(a)(2)(A)(iii).

Defendant argues that even if his May 11, 2001 possession conviction involved a controlled substance within the meaning of the federal Controlled Substances Act, it was not an aggravated felony within the meaning of 8 U.S.C. §1101(a)(43)(B). At the time of Defendant's removal proceeding, existing Ninth Circuit case law provided that a conviction for possession of a controlled substance is an aggravated felony if the offense was committed after a previous conviction for a controlled substances offense. *See United States v. Garcia-Olmedo*, 112 F.3d 399 (9th Cir. 1997) and *United States v. Zarate-Martinez*, 133 F.3d 1194 (9th Cir. 1998). *Garcia-Olmedo* relied on 21 U.S.C. §844(a) which provides for a sentence of up to two years for a conviction for possession of a controlled substance if the defendant committed the crime after a prior conviction for a controlled substance offense. In *United States v. Ballesteros-Ruiz*, 319 F.3d

13

1101 (9th Cir. 2003), however, the court stated that *Garcia-Olmedo* and *Zarate-Martinez* had been impliedly overruled by *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc). *Ballesteros-Ruiz* held that the sentencing enhancement provisions of 21 U.S.C. §844(a) may not be considered for purposes of holding that a possession of a controlled substances conviction is an aggravated felony under the Sentencing Guidelines. The court held that a conviction for possession of a controlled substance should, instead, be treated as if it is a first offense regardless of whether it was a second or third controlled substances conviction. In *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004), the court also held that for purposes of the immigration laws, a state felony conviction for possession of a controlled substance is not an aggravated felony within the meaning of 8 U.S.C. §1101(a)(43)(B) unless the crime also contained a drug trafficking element, which a conviction for simple possession of controlled substances does not. The court adopted this interpretation in order to further a nationally uniform federal immigration law.

The Government appears to suggest that because the underlying removal order was issued before *Garcia-Olmedo* and *Zarate-Martinez* were overruled, the Court may uphold the validity of the removal order based on those decisions. *Response (#21). at page 5.* To the extent that the Government makes such an assertion, it is incorrect. *See United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir. 2006). The defendant in *Camacho-Lopez* was deported in 1998. During the removal hearing, the immigration judge stated that defendant was ineligible for relief from deportation because his vehicular manslaughter conviction was a "crime of violence" and therefore an aggravated felony. In 2004, however, the Supreme Court held that a DUI conviction did not constitute a "crime of violence" and the Ninth Circuit subsequently applied this holding to a conviction for gross vehicular manslaughter while intoxicated in *Lara-Cazares v. Gonzales*, 408 F.3d 1217 (9th Cir. 2005). Although these decisions were issued subsequent to the removal order, the Court held that they applied to Defendant's collateral attack on the removal order in a prosecution under 8 U.S.C. §1326. *See also United States v. Ramos-Cruz*, 406 Fed.Appx. 177, 2010 WL 520344 (C.A.9 (Cal). Because Defendant's May 11, 2001 conviction was not an aggravated felony, Defendant was also not subject to removal based on the Additional Charge of Inadmissibility/Deportability.

The Government points out, however, Defendant's August 3, 1990 felony conviction did involve a drug trafficking element and therefore was an aggravated felony within the meaning of 8 U.S.C. §1101(a)(43)(B). Although Defendant was not subject to removal based on this conviction, its existence would have made him ineligible for discretionary relief from deportation under 8 U.S.C. § 1229c(1) (voluntary departure), 8 U.S.C. § 1229b(a)(3) (cancellation of removal) or for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii) and (B)(i), if the January 7, 2001 removal order was otherwise legally valid. *See Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1065-66 (9th Cir. 2006) (due process does not require that the notice to appear include a conviction that is not a ground for removal but is a ground for denial of relief from removal).

## CONCLUSION

The Court finds that the underlying removal order, which became final on or about January 7, 2002, was not legally valid because the Government (i.e. the INS) failed to unequivocally establish that Defendant's May 11, 2001 California conviction for possession of a controlled substance involved a controlled substance under the federal Controlled Substances Act, 21 U.S.C. § 802, and was therefore a removable offense under 8 U.S.C. §1227(a)(2)(B)(i). In addition, Defendant's May 11, 2001 California conviction was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) and Defendant was therefore not subject to removal under 8 U.S.C. §1227(a)(2)(A)(iii). If Defendant's due process rights were violated in such a manner as to deprive him of his opportunity for judicial review of the underlying removal order, he was clearly prejudiced.

The record before the Court, however, is inadequate to determine whether Defendant was deprived of his right to obtain judicial review of the removal order because of procedural defects that rendered the removal proceeding fundamentally unfair. It is simply unclear whether Defendant was informed of his right to appeal from the removal order or whether he was informed of his right to counsel during the removal proceeding and, if so, whether he validly waived those procedural rights. If Defendant's due process rights were not violated, then he cannot challenge the validity of the underlying removal order in this case. Accordingly,

. . .

**IT IS HEREBY ORDERED** that the parties shall further brief the due process issue and provide relevant records or other evidence that supports their respective positions.  Upon completion of further briefing, and such oral argument as may be granted, the Court will issue a Finding and Recommendation as to whether Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#19) should be granted or denied.

**IT IS FURTHER ORDERED** that Defendant shall file a supplemental brief no later than **May 16, 2011** and Plaintiff shall file a responsive brief no later than **May 26, 2011**.

DATED this 4th day of May, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge